UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JOHN FRANKLIN CABLE,            )
                               )
              Petitioner,      )
                               )
v.                             )        No.     2:14-CV-332-JRG-MCLC
                               )
DAVID SEXTON, Warden,          )
                               )
              Respondent.      )

## MEMORANDUM OPINION

On November 7, 2014, Petitioner filed a pro se petition for writ of habeas corpus challenging his confinement pursuant to state court judgments entered by the Washington County Criminal Court [Doc. 1]. Specifically, Petitioner complains that the Tennessee Department of Correction has incorrectly interpreted the structure of his sentences because he is "suppose[d] to be serving [a] 6 year sentence . . . out of Sullivan [County, but is instead] . . . serving a 6 year sentence out of Washington County" [*Id.* at 13–14]. Before the Court is Respondent's motion to dismiss [Doc. 6].

## I.    BACKGROUND

On November 8, 2013, a state trial court sentenced Petitioner to serve six years' incarceration in the Department of Correction for evading arrest with risk of death in Washington County, Tennessee. The sentence was to run concurrent with separate sentences received in Johnson County, Tennessee and Sullivan County, Tennessee [*See* Doc. 7-1 (Washington County Judgment Form)]. Petitioner neither withdrew his guilty plea nor appealed the conviction.

On October 16, 2014, Petitioner filed a timely pro se petition for writ of habeas corpus with this Court claiming that the Tennessee Department of Correction has him serving the

"wrong" 6-year sentence [Doc. 1]. Respondent requests that the Court dismiss Petitioner's request for habeas relief based on lack of cognizability [Docs. 6, 6-1].

## II.    MOTION TO DISMISS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the mechanism by which a defendant convicted of violating state law, sentenced in state court, and incarcerated in a state prison can seek federal review of his detention, provides that:

(a) A District Court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254. These limits on the availability of habeas relief are jurisdictional in nature.

Petitioner's proposed ground for habeas relief—imposition of two consecutive six-year sentences instead a single concurrent six-year term of incarceration consistent with the terms of his state-based plea agreement [Doc. 1 p.5]—does not assert the violation of a constitutional right, law of the United States, or treaty of the United States. Further, he does not claim that his sentence has expired or that there is an absence of available state corrective process to resolve his

complaint.[1]  Petitioner instead challenges the structure of his sentences and the Tennessee Department of Correction's interpretation of that structure, neither of which provide a cognizable issue for resolution by way of federal habeas corpus.

## III.    CONCLUSION

For the reasons discussed above, Respondent's motion to dismiss [Doc. 6] will be **GRANTED** and Petitioner's habeas action will be **DISMISSED WITH PREJUDICE**.

**AN APPROPRIATE ORDER WILL ENTER**.


_____
s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

---

[1]       A  more appropriate vehicle for review and resolution of Petitioner's claim may be an inmate inquiry addressed to Petitioner's counselor, institutional records office, and Sentence Information Services [*See* Doc. 7-2 (Inmate Grievance Procedures, Index # 501.01, p. 4, Section V.G.6)].